IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| EDWARD C. HUGLER, ACTING SECRETARY OF LABOR, UNITED STATES DEPARTMENT OF LABOR, Plaintiff, v. ZESTY ENTERPRISE, LLC D/B/A THREE FLAGS TAVERN, CATHY O'BRIEN, and JOHN O'BRIEN, Defendants. | CIVIL ACTION NO. 4:17-cv-1119 |

## COMPLAINT

Plaintiff brings this action under the provisions of the Fair Labor Standards Act of 1938, as amended (29 U.S.C. § 201 et seq.), hereinafter called the Act, to recover unpaid overtime compensation owing for Defendants' employees, and for an additional amount as liquidated damages, pursuant to section 16(c) of the Act.

I

Jurisdiction of this action is conferred upon the Court by section 16(c) of the Act, and by 28 U.S.C. § 1345.

II

Defendant Zesty Enterprise, LLC d/b/a Three Flags Tavern is a limited liability company with its principal place of business, from at least June 22, 2014 to June 21, 2016, located at 4940 Southwest Ave., St. Louis, Missouri 63110 within the jurisdiction of this Court.

Defendants Cathy O'Brien and John O'Brien reside in Missouri within the jurisdiction of this Court, and are the owners of Defendant Zesty Enterprise, LLC, and act directly or indirectly in the interest of Defendant Zesty Enterprise, LLC in relation to its employees.

III

The activities of Defendants referred to in paragraph II were, and are, related and performed through unified operation or common control for a common business purpose, and have from at least June 22, 2014 to June 21, 2016 constituted an enterprise within the meaning of section 3(r) of the Act.

IV

Since June 22, 2014 through at least June 21, 2016, said enterprise has had employees engaged in commerce or in the production of goods for commerce, including employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; an annual gross volume of sales made or business done of not less than $500,000, exclusive of excise taxes at the retail level, separately stated; and, therefore, was and is an enterprise engaged in commerce or in the production of goods for commerce as defined in section 3(s)(1)(A) of the Act.

V

Defendants Zesty Enterprise, LLC, Cathy O'Brian, and John O'Brien have violated the provisions of sections 7 and 15(a)(2) of the Act by employing certain employees in an enterprise engaged in commerce or in the production of goods for commerce, for workweeks longer than 40 hours since June 22, 2014 through at least June 21, 2016 without compensating said employees for their employment in excess of 40 hours in such workweeks at rates not less than one and one-half times the regular rates at which they were employed.

VI

As a result of the violations alleged in paragraph V above, amounts are owing for certain present and former employees listed in the attached Appendix A for the period of June 22, 2014 to June 21, 2016. Inasmuch as the violations continued past June 21, 2016, additional amounts have accrued for certain of these employees and for employees who are presently unknown to Plaintiff in amounts presently unknown to Plaintiff.

A judgment granting recovery of said amounts, together with an equal additional amount as liquidated damages, is specifically authorized by section 16(c) of the Act.

WHEREFORE, cause having been shown:

Plaintiff prays for judgment, pursuant to section 16(c) of the Act, against Defendants for overtime compensation that may be found by the Court to be due under the Act to certain current and former employees of Defendants named in Appendix A, together with an equal additional amount as liquidated damages; for the period June 22, 2014 to June 21, 2016, and in such further amounts as the Court may find due after June 21, 2016, together with an equal additional amount as liquidated damages.

Should the Court decline to award said liquidated damages, Plaintiff further demands the award of interest on said unpaid overtime compensation from the date said unpaid overtime compensation became due, until date of judgment.

Plaintiff further prays for such other relief as the Court may find due, including an order that Defendants be required to locate affected employees and distribute any amounts found to be due to affected employees as the result of the violations alleged in paragraph V hereof.

Plaintiff further prays for the award of post-judgment interest as authorized by 28 U.S.C. § 1961, and prays that he recover the costs of this action.

Nicholas C. Geale
Acting Solicitor of Labor

Christine Z. Heri
Regional Solicitor

H. Alice Jacks
Associate Regional Solicitor
MO Bar # 24482

/s/ Laura M. O'Reilly
Laura M. O'Reilly
Trial Attorney
MO Bar #65294
Fed Bar #65294MO
Two Pershing Square Building
2300 Main Street, Suite 1020
Kansas City, MO 64108
(816) 285-7260
(816) 285-7287 (fax)
o'reilly.laura.m@dol.gov

U.S. Department of Labor

Attorneys for Plaintiff